## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RETIREE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-2079-JAR** |
| | ) | |
| **DANA ANSPACH, and** | ) | |
| **SENSIBLE MONEY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————— | ) | |

## MEMORANDUM AND ORDER

Plaintiff Retiree, Inc. ("Retiree") filed this action against Defendants Dana Anspach ("Anspach") and Sensible Money, LLC, seeking to permanently enjoin Defendants from violating the confidentiality and non-compete agreement entered into by Anspach and Retiree (the "Agreement") and to enforce the liquidated damages provision contained in the Agreement. The Court granted judgment in favor of Retiree on both claims.[1]  Before the Court is Plaintiff Retiree, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 93) that is now fully briefed.  Defendants responded to the motion, indicating that if Retiree is entitled to an award of fees and costs, Defendants do not object to the reasonableness of the amounts sought in Retiree's motion.  As explained more fully below, Retiree's motion for attorneys' fees and expenses is granted for a total award of $98,993.43 in reasonable attorneys' fees and  expenses.

### I.     Entitlement to Attorneys' Fees

In Kansas, attorneys' fees cannot be granted without statutory authority or by agreement.[2]

---

[1]Doc. 102.

[2]*Johnson v. Westhoff Sand Co.*, 135 P.3d 1127, 1135 (Kan. 2006).

The Agreement, which Retiree and Defendant Anspach entered into, provides that "[t]he losing party agrees to pay to the prevailing party all costs, including attorneys' fees, incurred in enforcing this agreement."  Kansas law enforces these types of contract terms.[3]  Retiree is therefore entitled to an award of its reasonable attorneys' fees and costs from Defendant Anspach.

## II.    Reasonableness of Attorneys' Fees

The burden is on the party requesting the fees to show their reasonableness.[4] Reasonableness is determined by applying the factors set forth in KRPC 1.5(a): (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) whether the fee is fixed or contingent.[5]  No one factor should dominate under the Court's inquiry.[6]  A trial judge, based upon experience and knowledge of the legal profession, is deemed an expert on attorney's fees

---

[3]*See Boston Hannah Int'l, LLC v. Am. Acad. of Family Physicians*, Case No. 10-2510-CM, 2012 WL 137870, at *9 (D. Kan. Jan. 18, 2012) (citing *Farmers Cas. Co. v. Green,* 390 F.2d 188, 192 (10th Cir.1968)).

[4]*Westar Energy, Inc. v. Lake,* 552 F.3d 1215, 1229 (10th Cir. 2009); *Westar Energy v. Wittig,* 235 P.3d 515, 532 (Kan. Ct. App. 2010).

[5]*See Johnson,* 135 P.3d at 1135–36.

[6]*Id*. at 1142.

2

and may draw on that expertise in rendering an award in a particular case.[7]  The determination of the reasonable value of attorney's fees lies within the sound discretion of the trial court.[8]

In ruling on the reasonableness of the time and labor expended in the litigation of this case, the Court must begin by determining the amount of hours reasonably expended on the litigation.  The burden is on the applicant to prove that the hours billed are reasonable "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[9]  Retiree has submitted its billing invoices and expense reports to support its requested fees and expenses.[10]  Retiree seeks attorneys' fees in the amount of $90,034 and expenses in the amount of $8,959.43.  The attorneys' fees represent approximately 649 hours expended by Plaintiff's counsel, Joel B. Laner, billed at the rate of $140 per hour.[11]

A.    **Application of Reasonableness Factors to Fee Request**

a.    **The time and labor required; the novelty and difficulty of the questions involved; and the skill requisite to perform the legal service properly**

The resolution of this case required two separate four-day hearings: a preliminary injunction hearing and a permanent injunction/damages hearing.  In addition to the preparation

---

[7]*Thoroughbred Assocs., LLC v. Kansas City Royalty Co., LLC,* 248 P.3d 758, 774 (Kan. Ct. App. 2011), *aff'd in part and rev'd in part*, 308 P.3d 1238 (Kan. 2013).

[8]*See City of Wichita v. BG Prods., Inc.,* 845 P.2d 649, 653 (Kan. 1993).

[9]*Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1250 (10th Cir.1998); *Kan. Penn Gaming, LLC v. HV Props. of Kan., LLC*, 790 F. Supp. 2d 1307, 1316 (D. Kan. 2011).

[10]Docs. 93–2 and 93–3.

[11]The Court notes that fourteen hours of the total 649 hours appears to be billed by an attorney with the initials "SGH."  The billing rate for those fourteen hours, however, was also $140 per hour.

for and appearance at eight days of hearings, substantial discovery, prior to the preliminary

injunction hearing, as well as substantial briefing throughout the case occurred.  Among other

pleadings, Retiree filed Motions in Limine, which were granted in part, and Trial Briefs as well

as a motion for contempt.

The case possessed novel and difficult features.  In particular, the case required a

familiarity with:  (I) trends in the retirement planning industry; (ii) the business propositions of

the market leaders; (iii) features of household asset and income aggregation; (iv) Social Security

timing, election strategies, and taxation; (v) asset location; (vi) asset allocation; (vii) withdrawal

sequencing; (viii) Roth IRAs; (ix) retirement income taxation; (x) web-based marketing;

(xi) Excel spreadsheets; and (xii) the market for retirement income planning products and

services.  The skill required to perform the legal services properly is, at least, that of an average

attorney.

The Court finds that the hours spent by Plaintiff's counsel are generally supported by

meticulous, contemporaneous time records that show the Court how counsel's time was spent on

specific tasks related to this lawsuit.  The Court finds that the number of hours spent on this

litigation was reasonable given the time and labor involved, the novelty and difficulty of the

questions involved, and the skill requisite to perform the legal services in this case properly.

> **b.**        **The likelihood, if apparent to the client, that the acceptance of the
> particular employment will preclude other employment by the lawyer**

There is no evidence in the record that Plaintiff's counsel turned away other work

because of its work on the instant matter, however, counsel notes that because of the grave threat

to the confidentiality of Retiree's proprietary information and its goodwill, enterprise value, and

industry status posed by Defendants' violation of their covenants, Retiree believed it needed to

act vigorously to protect its confidential information and business.  Retiree requested that its

counsel devote the time necessary to defend its interests and implicitly, if not explicitly,

appreciated that counsel could not work on other matters while working on discovery, briefing,

trial preparation, and trial in this case.  Given the effort and manpower expended on this case, it

appears clear that Plaintiff's counsel worked on this case at the expense of other work.

Nonetheless, the Court does not view this factor as relevant to determining the requested fees in

this matter.  The Court will consider, in conjunction with the other factors, whether the "total fee

is reasonable for the work required."[12]

### c.      Fee customarily charged in the locality for similar legal services

Under this factor, the Court considers the rates of the attorneys and support staff who

worked on this case.  In examining the hourly rate, the court is to refer "to the prevailing market

rates in the relevant community."[13]  "The first step in setting a rate of compensation for the hours

reasonably expended is to determine what lawyers of comparable skill and experience practicing

in the area in which the litigation occurs would charge for their time."[14]  In making this

determination, if the court does not have before it adequate evidence of prevailing market rates,

the court may, in its discretion, "use other relevant factors, including its own knowledge, to

establish the rate."[15]

---

[12]*Moore v. St. Paul Mercury Ins. Co.,* 989 P.2d 294, 295 (Kan. Ct. App. 1994).

[13]*Blum v. Stenson,* 465 U.S. 886, 895 (1984).

[14]*See Case v. Unified School Dist. No. 233,* 157 F.3d 1243, 1256 (10th Cir. 1998).

[15]*Lippoldt v. Cole,* 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case,* 157 F.3d at 1257).

Because of the long-term relationship with Retiree, Inc. and Mr. Meyer, Plaintiff's counsel charged Retiree $140.00 an hour.  The Court finds that this hourly rate is at least in line with, if not below, the prevailing market rates for lawyers of comparable skill and experience practicing in the Kansas City area.

### d.    The amount involved and the results obtained

Retiree was successful in obtaining a $500,000 liquidated damages award, as well as a permanent injunction.  At stake in the case were Retiree's preeminent position in the retirement planning industry, in particular in the decumulation segment and, perhaps, its present and future value.

The Court finds the amount of the requested fees and expenses reasonable in relation to the significant amount of damages awarded in this matter.  The results obtained further substantiate the reasonableness of the award.

### e.    The time limitations imposed by the client or by the circumstances

Although Retiree argues that the circumstances imposed a special urgency in stopping Defendants' violation of the confidentiality agreement, the Court does not find this to be a significant factor in determining a reasonable fee.

### f.    The nature and length of the professional relationship with the client

Plaintiff's counsel's firm, and in particular Plaintiff's counsel, has been performing general legal services for Retiree, Inc, and Mr. Meyer since October, 2008.  Retiree, Inc. has entrusted the firm with responsibility for the care and protection of its legal interests.  Given the nature and length of the attorney-client relationship in this matter, Retiree's fee request is

6

reasonable.

### g.     The experience, reputation, and ability of the lawyer or lawyers performing the services

Plaintiff's counsel has been in practice for nearly 30 years, Martindale Hubbell has given him its highest AV rating, and he states that he has been engaged by judges in the metropolitan area to represent them in miscellaneous legal matters.

The Court has thoroughly reviewed all of this evidence and has presided over this case from its inception, witnessing the abilities of Retiree's attorney first-hand.  The Court finds that Retiree's attorney enjoys an outstanding professional reputation and was highly qualified to prosecute and try this complex and lengthy matter.

### h.     Whether the fee is fixed or contingent

Retiree, Inc. agreed to pay Hazelton & Laner, LLP its hourly fee.  As a consequence, the fee is fixed.

### 3.     Reasonable Expenses

Retiree seeks $8,959.43 in expenses.  The expense categories sought include charges for photocopies, mileage, FedEx, deposition costs and court reporter costs.  Defendants have not objected to any of the items included in this request, and the Court finds that all expense items are reasonable, for a total award of $8,959.43.

### 4.     Total Award

The Court has considered all of the reasonableness factors set forth in Rule 1.5(a), as well as Plaintiff's submissions, and finds Plaintiff's requested hours and rates are reasonable.

Plaintiff is therefore awarded the following reasonable attorney fees and expenses against Defendant Anspach: $90,034 in reasonable attorneys' fees, and $8,959.43 in expenses.

      **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Retiree, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 93) is **granted for a total award of $98,993.43 in reasonable attorneys' fees and expenses from Defendant Anspach**.

      **IT IS SO ORDERED.**

**Dated: March 27, 2015**

          **S/ Julie A. Robinson**

          **JULIE A. ROBINSON**

          **UNITED STATES DISTRICT JUDGE**